**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAI DONG LI, INDIVIDUALLY AND ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED,<br><br>          Plaintiffs,<br><br>               vs.<br><br>HBCC DEVELOPMENT CORP. D/B/A HBCC DEVELOPMENT LLC; JC BROTHERS DEVELOPMENT GROUP CORP. D/B/A JC BROTHERS DEVELOPMENT; BESTWAY DEVELOPMENT CORP, ALLEN CHEN, JERRY WU, AND YIN LING CHEN,<br><br>          Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, HAI DONG LI, by and through their attorneys, HANG & ASSOCIATES, PLLC, as and for cause of action against the Defendants HBCC DEVELOPMENT CORP. D/B/A HBCC DEVELOPMENT LLC; JC BROTHERS DEVELOPMENT GROUP CORP. D/B/A JC BROTHERS DEVELOPMENT, BESTWAY DEVELOPMENT CORP, ALLEN CHEN, JERRY WU and  YIN LING CHEN, allege upon information and belief as follows:

## INTRODUCTION

1.     This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendant for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 et seq., and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

1

failing to pay their employees, including Plaintiff, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein, compensation for all hours worked, and overtime compensation for all hours worked over forty (40) each workweek and spread of hours, as well as failing to provide their employees, including Plaintiff, with wage notice at the time of hiring and wage statements.

3.    Plaintiff allege pursuant to the FLSA, that he is entitled to recover from the Defendant: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

4.    Plaintiff further allege pursuant to NYLL §190 et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that he is entitled to recover from the Defendant: (1) unpaid overtime compensation, (2) "spread of hours" premium (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) compensation for failure to timely pay wages in violation of the NYLL (5) compensation for failure to reimburse "tools of the trade" (6) liquidated damages equal to the sum of unpaid overtime; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFFS**

7.     Plaintiff Hai Dong Li (hereinafter "Plaintiff") is an individual who resides in Queens County, New York.

8.     From March 13th, 2021 to November 12th, 2021, Plaintiff was employed as a construction worker at Defendants' company located at 36-20 164th St. #101, Flushing, NY 11358. His main job duties include cutting aluminum composite panels and installing aluminum composite panels, installing the suspended ceiling system, doors, and laminate flooring, and installing waterproof exterior wall and external insulation work.

## **DEFENDANTS**

***Corporate Defendants***

***HBCC Development Corp.***

9.     Defendant HBCC Development Corp. d/b/a HBCC Development LLC (hereinafter "HBCC Development") is a domestic business corporation incorporated under the laws of New York and has its registered office at 133-24 36th Road, Flushing, NY 11354 and physical business place at 36-20 164th St. #101, Flushing, NY 11358. Defendant is engaged in the construction service business and operates in the State of New York.

10.     Upon information and belief, HBCC Development has about 35 employees.

11.     Upon information and belief, HBCC Development is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.     Upon information and belief, HBCC Development purchased and handled goods moved in interstate commerce.

13.    Upon information and belief, HBCC Development was an "enterprise engaged in commerce" within the meaning of FLSA until it certificate of dissolution and thus dissolved on or around May 6th, 2019.

### *JC Brothers Development Group Corp.*

14.    Defendant JC Brothers Development Group Corp. d/b/a JC Brothers Development (hereinafter "JC Brothers") is a domestic business corporation incorporated under the laws of New York and has its registered office at 36-20 164th St. #101, Flushing, NY 11358. Defendant is engaged in the construction service business and operates in the State of New York.

15.    Upon information and belief, JC Brothers has about 35 employees.

16.    Upon information and belief, JC Brothers at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

17.    Upon information and belief, JC Brothers purchased and handled goods moved in interstate commerce.

18.    At all times relevant times, JC Brothers was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

### *Bestway Development Corp.*

19.    Defendant Bestway Development Group Corp.  (hereinafter "Bestway") is a domestic business corporation incorporated under the laws of New York and has its registered office at 58-04 Main Street, Apt 1B, Flushing, NY 11355. Defendant is engaged in the construction service business and operates in the State of New York.

20.    Upon information and belief, Bestway has about 35 employees.

21.    Upon information and belief, Bestway at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

22.    Upon information and belief, Bestway purchased and handled goods moved in interstate commerce.

23.    At all times relevant times, Bestway was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

***HBCC Development, JC Brothers and Bestway constitute single entity and/or substantial continuity***

24.    Upon information and belief, HBCC Developmentm, JC Brothers and Bestway constitute single entity and/or substantial continuity with a high degree of interrelated and unified operation for the following reasons:

a.    Corporate Defendants were commonly owed by Allen Chen. Specifically, HBCC Development was owed by Allen Chen and JC Brothers was commonly owed by Allen Chena and Jerry Wu.

b.    Corporate Defendants had common officer Hai Bin Chen. Specifically, Hai Bin Chen acted as Superintendent for HBCC Development, and acted as license applicant for JC Brothers for the license application for their construction project located at 752 E Tremont Ave, Bronx, NY 10457.

c.    Corporate Defendants had common centralized personnel policies. Specifically, Bestway is responsible to issue paycheck and tax forms for the employees worked for all three corporations. Further, Plaintiff and his co-workers worked for all three Corporate Defendants. In addition, Jerry Wu, as the co-owner of JC Brothers is

        responsible to hire and/or fire; arranged the working schedules; and paid for the employees of all three corporations.

d.   The operations of corporate Defendants are dependent on each other. Specifically, the HBCC and JC Brothers acted different roles in applying licenses for their construction projects. HBCC Development had officer Hai Bin Chen acted as Superintendent for construction project located at 752 E Tremont Ave, Bronx, NY 10457, and JC Brothers acted had the same officer acted as license applicant for the same construction project. Also, Bestway is responsible to issue paycheck and tax forms for the employees of all three corporations.

e.   Employees of HBCC Development remained the similar duties, working schedules and payments at JC Brothers and Bestway after HBCC was dissolved in May 2019.[1]

f.   JC Brothers and HBCC used the same location for their business at 36-20 164th St. #101, Flushing, NY 11358.

***Individual Defendants***

       25.   Upon information and belief, Defendant Allen Chen (hereinafter "Defendant Chen ") is/or were a founder, officer, director, president, principle, vice president, and/or owner of Defendant HBCC Development and JC Brothers.

       26.   Upon information and belief, Defendant Chen is responsible for establishing work schedules and workload of the employees, managing projects' progress, and educating, controlling, and evaluating employees' work performance.

       27.   Defendant Chen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2;

---

[1] HBCC Development Corp dissolute on Mary 6, 2019 based on its public records in Department of State.

NYLL §2 and the regulations thereunder; and is jointly and severally liable with JC Brothers and HBCC Development.

28.    Upon information and belief, Defendant Jerry Wu (hereinafter "Defendant Wu") is or were a founder, officer, director, president, principle, vice president, and/or owner of Defendant JC Brothers.

29.    Upon information and belief, Wu determined the wages and compensation of the employees of Defendants, including Plaintiff, maintained employee records, and had the authority to hire and fire employees. Defendant Wu personally fired Plaintiff Li.

30.    Defendant Wu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with JC Brothers and HBCC Development.

31.    Upon information and belief, Defendant Yin Ling Chen (hereinafter "Defendant Yin Ling") is/or were the registered chief executive officer and/or manager of Defendant HBCC Development.

32.    Defendant Yin Ling acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with JC Brothers and HBCC Development.

33.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their business locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 30 Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

35.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

36.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

37.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

38.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

39.    Whether the Defendants employed Collective Action members within the meaning of the FLSA;

40.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA;

41.    Whether the Defendants failed to pay the Collective Action Members minimum wage for all hours worked in violation of the FLSA and the regulation promulgated thereunder ;

42.    Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder ;

43.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

44.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

46.    Defendants committed the following alleged acts knowingly, intentionally, and willfully.

47.    Defendants knew that the nonpayment of overtime compensation, failure to timely pay Plaintiff not later than seven days after the end of the week in which the wages were eared, failure to provide the required wage notice at the time of hiring, and failure to provide the required wage statement with every payment of wages, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

48.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

49.    From on or around March 3, 2021, to on or around November 12, 2021, Plaintiff Hai Dong Li was employed as a construction worker for Defendants. From April 1st, 2021 to April 16th, 2021, Plaintiff did not work due to COVID self-quarantine. Plaintiff's main job duties include cutting aluminum composite panels and installing aluminum composite panels, installing the suspended ceiling system, doors, and laminate flooring, and installing waterproof exterior wall and external insulation work.

50.    Throughout Plaintiff's employment, Defendants arranged Plaintiff to work on site for different construction projects. Specifically, (1) from March 2021 to around May 2021, plaintiff was arranged to work on site for the projection located at 752 E Tremont Ave, Bronx, NY 10457; (2) from around May 2021 to around June 2021, plaintiff was arranged to work on site for the projection located at 3192 Atlantic Ave, Brooklyn, NY 11208; (3) from around June to the end

of Plaintiff's employment, Defendants arranged Plaintiff to work on site for the projection located at 752 E Tremont Ave, Bronx, NY 10457.

51.    Throughout Plaintiff's employment, Plaintiff typically worked six days a week with Sundays off, regardless of the location of the work projects he worked for.

52.    From the beginning of Plaintiff's employment to around September 2021, Plaintiff typically worked from around 7:00am to 5:00pm with merely a 15-minute lunch break. Plaintiff therefore worked ten (10) hours per day and sixty (60) hours a week. Plaintiff sometimes would work additional hours beyond his general work schedule.

53.    From the around September 2021 to the termination of Plaintiff's employment, Plaintiff typically worked from around 6:30am to 4:30pm with merely a 15-minute lunch break. Plaintiff therefore still worked ten (10) hours per day and sixty (60) hours a week. Plaintiff sometimes would work additional hours beyond his general work schedule.

54.    Defendants maintained a basic attendance record for their workers, however, Defendants have never provided the workers the attendance records. Plaintiff was not required to punch timecards or otherwise to track his work hours either.

55.    Upon information and belief, Plaintiff was paid $220 per day in cash.

56.    Upon information and belief, throughout his employment with Defendants, Plaintiff was paid $10 per day in cash as his meal allowance.

57.    Although Defendants originally promised to pay Plaintiff every week, Defendants paid Plaintiff every three to four weeks in the first few months of Plaintiff's employment and paid him every five to six weeks in the later period of Plaintiff's employment.

58.    Plaintiff was not provided a written wage notice, in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about

his rate of pay and basis thereof, allowances, including meals credits, and the regular pay day designated by Defendants.

59.    Defendants did not provide Plaintiff with a wage statement with every wage payment.

60.    Plaintiff was not compensated at least at one-and-half (1.5) of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

61.    Throughout his employment with Defendants, although Defendants provided Plaintiff most of his working tools, Plaintiff was sometimes required to use his own tools of trade to promote work efficiency. Plaintiff bought tools to perform his job duties. Defendants reimbursed part of Plaintiffs' expense of purchasing tools for around $100, even though Plaintiff spent around $600 on buying tools. Defendants failed to fully reimburse Plaintiff's tools of trade expenses.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

62.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

64.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

65.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

66.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

67.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

68.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

69.     Defendants knowingly and willfully disregarded the provisions of  the FLSA  as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff]**

70.     Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

72.     Defendants' failure to pay Plaintiff and the New York Class their overtime premiums violated the NYLL.

73.     Defendants' failure to pay Plaintiff the New York Class were not in good faith.

## COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on Behalf of Plaintiff]

74.     Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

76.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the

14

employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

77.    Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff thereafter.

78.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT IV**
**[Violation of New York Labor Law—New York Paystub Requirement**
**Brought on Behalf of Plaintiff]**

79.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.    At all times relevant to this action, Plaintiff was employed by some or all of the Defendants within the meaning of NYLL § 2 and 651.

81.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

82.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

83.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT V
### [Failure of Reimburse for Expenses relating to Tools of the Trade
### Brought on Behalf of Plaintiff]

84.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85.    Defendants required Plaintiff to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

86.    Defendants knew of and/or showed a willful disregard for the provision of the FLSA as evidenced by their failure to fully reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiffs when Defendants knew or should have known such was due.

## COUNT VI
### [Violation of New York Labor Law—Failure to Timely Pay Wages
### Brought on Behalf of Plaintiff]

87.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.    JC Brothers and HBCC Development are employers within the meaning of 12 N.Y.C.R.R. §§ 190 and 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

89.    Plaintiff is a manual worker within the meaning of 12 N.Y.C.R.R. § 190 (4).

90.    Pursuant to the NYLL, an employer shall pay its employees who are manual workers weekly and not later than seven calendar days after the end of the week in which the wages are earned. 12 N.Y.C.R.R. § 191 (1)(a)(i).

91.     Here, Plaintiff spent more than 25% of her working hours performing physical labor, Plaintiff is a manual worker within the meaning of 12 N.Y.C.R.R. § 190 (4).

92.     Defendants willfully failed to pay Plaintiff weekly or not later than seven calendar days after the end of the week in which the wages were earned.

93.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the liquidated damages, and attorneys' fees and costs for this action, including interest. 12 N.Y.C.R.R. § 198 (1-a). Vega v. CM Assoc. Constr. Mgt., LLC, 175 A.D. 3d 1144 (1st Dep't 2019).

**COUNT VII**
**[Violation of New York Labor Law—Spread of Hours**
**Brought on behalf of Plaintiffs]**

94.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR§ 137-1.7, 12 NYCRR § 142-2.2, 12 NYCRR § 142-2.4, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

96.     Throughout his employment with Defendants, Plaintiff routinely worked a "spread of hours" of over ten hours per day.

97.     Plaintiff regularly worked for shifts over ten hours per day but were not paid an extra hour of pay at full minimum wage rate for any of such days.

17

98.    Despite the fact that Plaintiff routinely worked a "spread-of-hours" greater than ten hours per day during certain employment period with Defendants, Defendants did not pay Plaintiff any additional compensation as required by the regulations.

99.    Defendants' failure to pay spread of hours compensation was willful and intentional.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  Award Plaintiff unpaid wages and unpaid overtime due under the FLSA and the New York Labor Law;

g)  An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the NYLL;

h)  An award of damages for Defendants' failure to provide wage statements as required under the NYLL;

i)  An award of damages for Defendants' failure to reimburse the expense and costs incurred on Plaintiff for tool of trade as required under the NYLL;

j)  An award of damages for Defendants' failure to pay spread of hours premium as required under the NYLL

k)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the overtime compensation pursuant to 29 U.S.C. §216.

l)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

m)  The cost and disbursements of this action;

n)  An award of prejudgment and post-judgment fees; and

o)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully Submitted,

HANG & ASSOCIATES, PLLC

Dated:      January 25, 2021
Flushing,   New York

*/s/ Yuezhu Liu*
Yuezhu Liu, Esq.
*Attorney for Plaintiffss*
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: yliu@hanglaw.com

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by HBCC Development LLC, Allen Chen, Jerry Wu, "John" Wu, and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Hai Dong Li_
Full Legal Name (Print)

_(signature)_
Signature

_11 - 15 - 2021_
Date