# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

November 29, 2022

Yuezhu Liu, Esq.
Tel: (718) 353-8522
Fax: (718) 353-6288
Email: yliu@hanglaw.com

**VIA ECF**
Hon. Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Li v. HBCC Development Corp. et al**
Case No. 22-CV-443

**JOINT APPLICATION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Dear Judge Mann:

We represent named Plaintiff Hai Dong Li in the above-referenced collective action brought under the FLSA and NYLL. I write together with Defendants' counsel, pursuant to the Court's Order of November 02, 2022, to submit the parties' Settlement Agreement, along with the proposed Order of Dismissal. The proposed Settlement Agreement, attached hereto as **Exhibit A**, is the result of negotiations with the help of the Court.

Because the Complaint includes FLSA claims, the parties' Settlement Agreement requires the Court's approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Although Plaintiff alleges collective claims in the Complaint, the proposed settlement was reached before Plaintiff sought collective certification; accordingly, this Settlement Agreement applies to his individual claims only. For the reasons set forth below, Plaintiff and his counsel, as well as Defendants and their counsel, believe that the Settlement Agreement is a fair and reasonable resolution of the claims set forth in this Action, and respectfully request the Court's approval of the proposed Settlement Agreement.

**I.   Background**

This action is to recover alleged overtime compensation under the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 201, et seq.); unpaid overtime compensation, "spread of hour" premium, and "tools of the trade" expenses under the New York Labor Law ("NYLL," N.Y. LAB. LAW §§ 190, et seq., §§ 650, et seq.); statutory penalties for Defendants' alleged failure to provide appropriate wage rate notices and statements as required by NYLL § 195; and attorneys' fees and costs.

Defendants employed Plaintiff as a construction worker. Throughout his employment, Plaintiff worked on different construction projects assigned by Defendants. Individual Defendant Allen Chen is or was a founder, officer, director, president, principal, vice president, and/or owner of Entity Defendants HBCC Development and JC Brothers. Individual Defendant Jerry Wu is or was a founder, officer, director, president, principal, vice president, and/or owner of Entity Defendant JC Brothers. Individual Defendant Yin Ling Chen is or was the registered CEO and/or manager of HBCC Development. Plaintiff alleges that Defendants: (i) failed to pay him proper overtime premiums, "spread of hour" premium, and "tool of the trade" expenses as required by NYLL §§ 190, et seq. and §§ 650, et seq., and (ii) failed to provide him wage notices at the time of his hire and accurate wage statements as required by § 195(3).

This action commenced on January 25, 2022. Defendants answered on June 6, 2022. The Court held an Initial Conference on June 16, 2022, during which it ordered Defendants to provide time-and-pay records to Plaintiff and asked the parties to (i) file a joint letter-motion with regards to the viability of settlement discussion and (ii) request that the discovery schedule be held in abeyance in the event of settlement. Defendants produced handwritten payroll records and corporate documents thereafter.

## II.     Settlement Conference

On September 29, 2022, the parties advised the Court that a settlement conference or referral to court-annexed mediation while adhering to the current discovery schedule was the best option. A telephonic settlement conference was held at 11 a.m. on November 1, 2022. By the close of the settlement conference, the parties had not finalized the settlement amount and payment terms. Following the conference, the Court directed each party to respond to its settlement recommendation. The Court's settlement recommendation was that Defendants pay Plaintiff $30,000, with $20,000 to be paid upfront and then $2,500 per month, payable four times. On November 2, 2022, the parties informed the Court that they accepted its settlement proposal.

## III.    The Settlement Agreement is a Fair and Reasonable Resolution of this Case

The parties respectfully represent to the Court that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute, following an exchange of documents and an arm's length negotiation.

In determining whether a proposed FLSA settlement is fair and reasonable, a court considers "the totality of the circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted); *see also Cohetero v. Stone & Tile, Inc.*, No. 16 CV 4420, 2018 WL 565717, AT *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from *Wolinsky*).

### A. Plaintiff's Possible Range of Recovery

While Defendants have not conceded liability on any issue and produced records that purported to show compliance with wage and hour laws, they were not able to produce wage notices for Plaintiff. They also conceded that they paid Plaintiff solely in cash and did not produce sufficient wage statements for him with every payment of wages. Therefore, assuming that Defendants would be found liable on those issues, Plaintiff would have recovered at least $10,000. In the aggregate, Plaintiff was owed approximately $7,480 in actual unpaid wages. If Plaintiff prevailed on all issues, he would have been entitled to approximately $85,300, including penalties and liquidated damages but excluding attorney's fees and interest.

### B. Avoidance of Anticipated Burdens and Expenses

The proposed settlement avoids much of the burdens and expenses of litigation. While the parties exchanged a meaningful sample of discovery documents prior to settlement, they had not yet borne the burden of preparing for and taking deposition. Plaintiffs' attempt to certify an FLSA collective and/or Rule 23 class would require additional motion practice and expand the scope of discovery if successful. While Plaintiff had evidence that he would proffer to undermine the credibility of Defendants' records, such a dispute turning on credibility seemed destined for trial. Therefore, this factor weighs in favor of approval of the settlement.

### C. The Seriousness of the Litigation Risks Faced by the Parties

Other than Plaintiff's claims regarding Defendants' failure to provide wage notice and wage statements, Plaintiff's rest claims were contested by Defendants. Plaintiff maintained his own records about workdays. However, he had no records regarding his daily hours worked. Accordingly, Plaintiff faced a serious risk that a factfinder would not credit his testimony over Defendants' records. These credibility issues on material factual disputes would determine whether Plaintiff would recover at or near the bottom of his range of recover or at or near the top.

These risks weigh heavily in support of the reasonableness of the proposed settlement. See *Lee v. Samiti Tech. Inc.*, No. 21CV1032 (CBA) (TAM), 2021 WL 7906558, at *4 (E.D.N.Y. Sept. 8, 2021) (settlement amount of 14.3% of alleged damages was reasonable given the presence of "significant factual and legal disputes"); *Lora v. To-Rise, LLC*, No. 16-CV-3604 (SJB), 2019 WL 9200752, at *3 (E.D.N.Y. Aug. 16, 2019) (Plaintiffs' litigation risks weighed in favor of settlement); *Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15-CV-2899 (KMK), 2016 WL 1688014, at *5 (S.D.N.Y. Apr. 27, 2016) (same).

Besides the substantial litigation risks faced by the parties on the merits, Plaintiff here faced an additional risk of collection even had he prevailed. The Entity Defendants here are a single location construction company that employed either 2 employees (according to Defendants) or closer to 35 employees (according to Plaintiff) at a time. Plaintiff's asset search did not reveal the type of significant assets that would have been able to sustain a much larger judgment. Indeed, Defendants would only agree to the $30,000 amount here because one-third of it is to be paid out over the course of four months. Such bona fide concerns about Defendants' ability to pay a large judgment further weigh in favor of settlement. See *Montes v. 11 Hanover Grp. LLC*, No. 1:17-CV-09376 (SDA), 2019 WL 4392516, at *1 (S.D.N.Y. Sept. 12, 2019); *Escobar v. Fresno Gourmet Deli Corp.*, No. 16 CIV. 6816 (PAE), 2016 WL 7048714, at *2 (S.D.N.Y. Dec. 2, 2016).

### D. The Settlement Agreement is the Product of Arm's Length Bargaining with the Help of the Court

The proposed Settlement Agreement is the product of arm's length negotiations conducted through Judge Mann.

### E. No Fraud or Collusion Exists

There was no fraud or collusion between Plaintiff's counsel and defense counsel in reaching this agreement.

### F. The Totality of the Circumstances

The Settlement Agreement itself is narrowly tailored to this wage and hour dispute. It contains no broad releases, confidentiality provisions or non-disclosure provisions. The terms of the Settlement Agreement make clear that Plaintiff is releasing Defendants only from any FLSA and NYLL claims that they may have as of the date the parties reached an agreement. *See Alvarez v. Michael Anthony George Const. Corp.*, 11-CV-1012, 2015 WL 3646663 at *2 (E.D.N.Y. Jun. 10, 2015); *Camacho v. Ess-A-Bagel, Inc.*, 14-CV-2592, 2014 WL 698633 at *4 (S.D.N.Y. Dec. 11, 2014).

## IV. Plaintiff's Attorney Fees and Costs are Reasonable

"If attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. *See id*. (citing 29 U.S.C. § 216(b) and NYLL § 663(1)). Courts in this District generally find that attorney's fees of 33% of the overall settlement, mirroring a one-third contingency arrangement, to be reasonable. *See Carnero*, 2022 WL 3446335 at *4; *Shamsundar v. FCS Grp. LLC*, No. 18-CV-2514 (KAM)(LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019). However, the Second Circuit has held that limiting the amount of recoverable attorneys' fees to a certain proportion of the settlement runs counter to the text and purpose of the FLSA and fee-shifting statutes in general. *Fisher*, 948 F.3d at 605.

Pursuant to the proposed Settlement Agreement, Plaintiff's counsel will receive $9,742 in attorneys' fees and $774 in costs. The proposed fee award should be approved because it is agreed to by Plaintiff, is much less than Plaintiff's counsel's lodestar on this case, and amounts to one-third of the recovery, which is in line with the standard fees awarded in this Circuit for such cases. *See Chambers v. Cone Heads Ltd.*, No. 18-CV-7823 (OTW), 2020 WL 3447964, at *2 (S.D.N.Y. June 23, 2020) (finding fees reasonable where "[t]he fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement"); *Derean v. Antalia Turkish Cuisine LLC*, No. 19-CV-6833 (BCM), 2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020) (approving fee award only slightly higher than counsel's lodestar where settlement netted plaintiff most but not all of his alleged actual damages, after payment of the award to counsel); *Cardenas v. A.J. Piedimonte Agric. Dev., LLC*, No. 1:18-CV-00881 EAW, 2020 WL 346981, at *6 (W.D.N.Y. June 25, 2020) (finding fees reasonable where "Plaintiffs' attorneys seek only a fraction" of their lodestar amount); *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *7 (S.D.N.Y. 2016) (fee award reasonable where it constituted only 36% of what attorneys actually billed).

As set forth in the time sheets attached hereto as **Exhibit B**, the attorneys' fees allocated as part of the Settlement Agreement are less than 30% of the actual amount of fees incurred, which to date amount to $32,610 based on around 108 attorney hours.

The law firm Hang & Associates, PLLC represented Plaintiff in this action from inception to settlement. As part of the representation of Plaintiff, Mr. Jian Hang and his staff, *inter alia*, evaluated the case; conducted multiple rounds of interviews with Plaintiff, prepared and filed the Complaint; engaged in document discovery; created spreadsheet for Plaintiff calculating his damages; reviewed relevant records, including time and pay records to the extent available for Plaintiff; prepared for settlement conference; attended settlement conference and engaged in the post-settlement conversation with Plaintiff to reach a resolution; negotiated and revised the terms of the Settlement Agreement; and drafted this application.

For the purpose of calculating the lodestar, Plaintiff's counsel uses a rate of $350 per hour for the principal attorney, Jian Hang, who expended approximately 1 hour on the case; $325 for the associate, Yuezhu Liu, who spent approximately 100 hours on the case; $325 for associate Ziyi Gao, who spent approximately 1 hour on the case. Hang is a 2005 graduate of University of Arkansas at Little Rock, William H. Bowen School of Law, who has focused his practice almost exclusively on employment law litigation for the past decade. Liu is a 2019 graduate of University of Maryland Francis King Carey School of Law who has also focused her practice on employment law. Gao graduated from Touro University Jacob D. Fuchsberg Law Center in 2021.

### V. Retention of Jurisdiction Post-dismissal

As the Settlement Agreement provides for payments to be made to Plaintiff over an extended period of time following Court approval, in order to protect Plaintiff from possible default by Defendants, the parties request that this Court retain jurisdiction over this Action post- dismissal, for the limited purpose of enforcing compliance with the Settlement Agreement. Such retention of jurisdiction is appropriate as the case is being dismissed with prejudice. *Villalva- Zeferino v. Park Pizza, et al.*, 15-CV-6932 (S.D.N.Y. Feb. 17, 2016). The parties ask that the Court's Order of Dismissal contain express language whereby this Court retains jurisdiction over the Action for the limited purpose of enforcing compliance with the Settlement Agreement and for the limited time period until all of Defendants' payment obligations to Plaintiff are satisfied. Such language has been required and approved to confer post-dismissal jurisdiction of the federal courts to enforce Settlement Agreements. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Porter v. Goord*, 2017 U.S. App. LEXIS 756, 2017 WL 177688 (2d Cir., 2017); *Hendrickson v. United States*, 791 F.3d 354 (2d Cir., 2015).

### VI. Conclusion

Accordingly, for the reasons set forth above, the parties jointly and respectfully request that the Court approve the parties' Settlement Agreement, dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the Settlement Agreement.

Respectfully submitted,

/s/ Yuezhu Liu
Yuezhu Liu, Esq.

cc. Defense Counsel (by ECF)